UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ALLEN FLETCHER,<br><br>        Petitioner,<br><br>    v.<br><br>BEN CURRY, Warden,<br><br>        Respondent. | Case No. CV 09-1191 (CT)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the court has reviewed the petition, all the records and files herein, the report and recommendation of the United States Magistrate Judge, and petitioner's objections to the report and recommendation.

Among his objections, petitioner asserts a wholly new ground for relief. Specifically, petitioner asserts that he was denied his Fourteenth Amendment right to a fair trial because state law required that he be tried along with the person caught with the money and narcotics at issue in this case.[1] (Objections at 14-15).

Petitioner has been repeatedly admonished that grounds raised for

---

[1] It is not clear from the record before the court that this individual went to trial.

the first time in objections would not be considered. (Order, dated July 24, 2009; Order, dated Feb. 14, 2009). The court, in its discretion, chooses not to consider the new ground for relief that petitioner has raised for the first time in his objections. See United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000).

However, even if the court was inclined to consider petitioner's new ground for relief, the court would not find it meritorious. Petitioner's new ground for relief is not cognizable on federal habeas review to the extent it involves only a purported error in state law. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); 28 U.S.C. §§ 2241(c)(3), 2254(a). Habeas relief is not available for an alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. at 68; Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991).

Moreover, petitioner's invocation of the Fourteenth Amendment does not alter the result. A petitioner may not transform a state-law issue into a federal one merely by making a general appeal to a constitutional guarantee, such as the right to due process. See Gray v. Netherland, 18 U.S. 152, 163 (1996). Petitioner points to no clearly established constitutional right to joinder. Carey v. Musladin, 127 S. Ct. 649, 654 (2006) (where Supreme Court precedent gives no clear answer to question presented, "it cannot be said that the state court 'unreasonab[ly] appli[ed] clearly established Federal law'"). Moreover, assuming without deciding that such a right was clearly established by the Supreme Court, petitioner suffered no prejudice from being denied that right, as it was established at

1 petitioner's trial that no money or narcotics were recovered from
2 petitioner.  <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993).
3     Accordingly, after having considered the argument above and all
4 other arguments raised by petitioner in his objections, the court
5 concurs with and adopts the findings, conclusions, and recommendations
6 of the magistrate judge.
7     IT IS ORDERED that judgment be entered denying the petition for
8 writ of habeas corpus and dismissing this action with prejudice.

DATED:   November 25, 2009

_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

3